UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEREK MALACHI,

        Plaintiff,

  - against -

POSTGRADUATE CENTER FOR MENTAL
HEALTH,

        Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
10-CV-3527 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff Derek Malachi, proceeding *pro se* and *in forma pauperis*, commenced this action on July 29, 2010. (Doc. No. 1.) The complaint alleged discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.*, and the New York State Human Rights Law, N.Y. Exec. Law § 297. (*Id.*) By an Order dated March 30, 2012, this Court granted defendant's letter motion for leave to file a motion to dismiss.[1] Defendant was also ordered to mail plaintiff copies of all Orders issued in connection with the motion and to file a letter indicating that it had done so. (Order dated March 30, 2012.) Defendant filed a letter to this effect on April 2, 2012. (Doc. No. 20.) As of the date of this Order, plaintiff has filed no response. For the reasons that follow, defendant's motion to dismiss is GRANTED.

**STANDARD OF REVIEW**

    In order to withstand a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

---

[1] Defendant had originally filed the motion to dismiss on October 20, 2010. (Doc. No. 7.) On October 30, 2010, the motion was terminated without prejudice to refiling upon compliance with this Court's Individual Motion Practices and Rules.

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this stage the Court takes all factual allegations in the complaint as true and draws all reasonable inferences in favor of the non-movant. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). A complaint need not contain "'detailed factual allegations,'" but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Although a *pro se* plaintiff must satisfy pleading requirements, the Court is "obligated to construe a *pro se* complaint liberally." *See Harris*, 572 F.3d at 71-72 (citations omitted). In other words, the Court holds *pro se* complaints to a less exacting standard than complaints drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213-14 (2d Cir. 2008) (citation omitted). Since *pro se* litigants "are entitled to a liberal construction of their pleadings," the Court reads such pleadings to "raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal citations omitted). This is especially true here, where plaintiff has failed to oppose defendant's motion despite being given ample notice; however, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York,* 956 F.Supp. 257, 259 (E.D.N.Y. 1995). When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, the Court must dismiss the claim. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted).

## DISCUSSION

Defendant has moved to dismiss the complaint on the grounds that (1) plaintiff failed to exhaust his administrative remedies under the ADA and ADEA because he never submitted these claims to the Equal Employment Opportunity Commission ("EEOC") and they are now

time-barred; and (2) plaintiff's related state law claims are precluded by his election of state administrative remedies. (Def.'s Mem. of Law in Supp. of Mot. to Dismiss (Doc. No. 9) at 1-2.) The Court considers each of these contentions in turn.

## I. ADA and ADEA Claims

A claimant may bring suit in federal court under the ADA or the ADEA only after filing a timely complaint with the EEOC and obtaining a right-to-sue letter. *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 77 (2d Cir. 2003); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001). "Exhaustion of administrative remedies through the EEOC is 'an essential element' of the[se] . . . statutory schemes and, as such, a precondition to bringing such claims in federal court." *Legnani*, 274 F.3d at 686. Generally, federal courts may not hear claims not alleged in an employee's EEOC charge. *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000); *Shah v. New York State Dept. of Civil Serv.*, 168 F.3d 610, 613 (2d Cir. 1999).

Claims not originally asserted in an EEOC charge may, however, be pursued in federal court if they are "reasonably related" to those submitted to the agency. *Id.* at 614. In view of the fact that plaintiff is *pro se*, the Court considers *sua sponte* whether his claims are sufficiently reasonably related to be raised in this action. Broadly speaking, there are three situations in which claims not alleged in an EEOC charge are nevertheless suitably related such that it would be unfair to dismiss them in a civil action. *See Butts v. City of New York Dept. of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402 (2d Cir. 1993). First, a claim is reasonably related if it would fall within the "scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Smith v. American President Lines, Ltd.*, 571 F.2d 102, 107 n.10 (2d Cir. 1978). Second, a court may entertain a claim for retaliation against an employee for his

or her opposition to the allegedly discriminatory practices. *Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1208 (2d Cir. 1993). Finally, a claim is reasonably related if it chronicles additional instances of discrimination carried out in essentially the same manner as those originally alleged. *See Butts*, 990 F.2d at 1402; *Almendral v. New York State Office of Mental Health*, 743 F.2d 963, 967 (2d Cir. 1984).

Reading plaintiff's pleadings to raise the strongest arguments that they suggest, the Court can discern no allegations regarding retaliation or subsequent discrimination. Thus, whether plaintiff's claims under the ADEA and ADA are reasonably related to those first put before the EEOC turns on whether they would fall within the scope of the agency's investigation of plaintiff's original allegations. In his complaint to the EEOC, plaintiff alleged a violation of Title VII of the Civil Rights Act of 1964. (Decl. of Greg Riolo, Ex. B (Doc. No. 8-2).) Specifically, plaintiff claimed discriminatory treatment on the basis of race and in retaliation for an attempt to "blow the whistle about unfair housing [practices]" at the Post Graduate Center for Mental Health.[2] (*Id.*, Ex. A (Doc. No. 8-1) at 4.) The retaliation allegedly took the form of false claims of deficient job performance and an attempt by plaintiff's employer to fire plaintiff while claiming that plaintiff had resigned. (*Id.* at 5-7.)

Plaintiff's current claims are entirely different from his original allegations. In this action plaintiff does not allege any violations of Title VII. (Doc. No. 1 at 1.) Instead, plaintiff urges that he was subjected to false claims of deficient job performance, denied routine privileges, and falsely represented as having resigned – all ostensibly on the basis of his age and a back injury sustained in the course of his employment. (*Id.* at 1, 3-4.) Although predicated on largely similar facts, these claims are unrelated to the allegations plaintiff originally made to the EEOC.

---

[2] The EEOC charge indicates that the agency accepted plaintiff's verified complaint to the New York State Division of Human Rights as detailing the circumstances of the alleged violations. (Decl. of Greg Riolo, Ex. B (Doc. No. 8-2).)

In the Dismissal and Notice of Rights issued to plaintiff, the EEOC noted that the "facts alleged in the charge fail[ed] to state a claim under any of the statutes enforced by the EEOC" and that the "allegations did not involve a disability as defined by the Americans [w]ith Disabilities Act." (Decl. of Greg Riolo, Ex. D (Doc. No. 8-4).) These broad conclusions, however, do not demonstrate that the agency considered plaintiff's current claims. There is no indication that plaintiff ever submitted to the EEOC any information regarding the disability he now alleges or any facts supporting a claim related to age.[3] Without facts suggesting plausible grounds on which to base an age- or disability-related claim, it is unlikely that the EEOC would explore such claims during its investigation. Consideration of these claims in the first instance by this Court would contravene the statutory scheme. *See Legnani*, 274 F.3d at 686. Although mindful of the latitude afforded *pro se* litigants, because plaintiff's ADA and ADEA claims were not within the reasonable scope of the EEOC's investigation the instant claims are not reasonably related to the original EEOC charge.

In New York, any complaint of employment discrimination must be filed with the EEOC within 300 days of the alleged discriminatory practice. *See* 42 U.S.C. §§ 2000e-5(e)(1), 12117(a). An untimely complaint is time-barred and cannot form a basis for suit in federal court. *See Zerilli-Edelglass*, 333 F.3d at 77. Here, plaintiff filed his complaint with the EEOC on or about July 27, 2009.[4] (Decl. of Greg Riolo, Ex. B (Doc. No. 8-2).) The date of the alleged

---

[3] Apparently to support of his claim that his termination was due to his alleged disability, plaintiff attached to his complaint a copy of a decision of the State of New York Workers' Compensation Board. (Doc. No. 1 at 7-8.) While this document does mention an accident that resulted in injuries to plaintiff, the decision was filed on May 28, 2010. (*Id.* at 8.) Plaintiff submitted his charge to the EEOC on July 27, 2009. (Decl. of Greg Riolo, Ex. B (Doc. No. 8-2).) As such, this document could not have been supplied to the EEOC. There are no other facts to suggest that the EEOC was aware of plaintiff's alleged disability.

[4] Though defendant suggests that the EEOC complaint was filed on or about July 15, 2009, a review of the cited document shows that July 15 is the date of the alleged violation. (*See* Def.'s Mem. of Law in Supp. of Mot. to Dismiss (Doc. No. 9) at 2; Decl. of Greg Riolo, Ex. B (Doc. No. 8-2).) Instead, the Court uses the date that the EEOC acknowledged receipt of the charge.

5

violation was listed as July 15, 2009. (*Id.*) As the applicable statutory period has passed, plaintiff's ADA and ADEA claims are now time-barred.[5] Consequently, the claims must be dismissed.

## II. Related New York State Law Claims

Although Plaintiff's complaint does not specifically allege any state law claims, it does refer to jurisdiction over "any related claims under New York law." (Doc. No. 1 at 2.) Again mindful of the liberality with which *pro se* pleadings are construed, the Court assumes for the purposes of this motion that plaintiff also intended to raise state law claims predicated on the verified complaint he filed with the New York State Division of Human Rights.[6] (Decl. of Greg Riolo, Ex. A (Doc. No. 8-1).) The New York State Human Rights law provides that

> Any person claiming to be aggrieved by an unlawful discriminatory practice may, by himself or herself or his or her attorney-at-law, make, sign and file with the division a verified complaint in writing which shall state the name and address of the person alleged to have committed the unlawful discriminatory practice complained of . . . .

N.Y. Exec. Law § 297(1) (McKinney 2012). However, a "person claiming to be aggrieved by an unlawful discriminatory practice" has no judicial cause of action under this law where "such person ha[s] filed a complaint hereunder or with any local commission on human rights . . . ." *Id.* at § 297(9). Absent a dismissal for "administrative convenience," the "remedies of administrative review through the Human Rights Division or judicial review are mutually exclusive." *Pan Am. World Airways, Inc. v. New York State Human Rights Appeal Bd.*, 463

---

[5] Because the filing deadline for an EEOC complaint is not jurisdictional, it may in some cases be subject to equitable tolling. *See Zerilli-Edelglass*, 333 F.3d at 80. This is appropriate, however, only in "rare and exceptional circumstances." *Id.* (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (internal alterations omitted)). There are no such circumstances here.

[6] Specifically, race discrimination and retaliation for his opposition to unfair housing practices. (Decl. of Greg Riolo, Ex. A (Doc. No. 8-1) at 4-5.)

N.E.2d 597 (N.Y. 1984); *see also Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000). Plaintiff has made no attempt to unwind his election of remedies by voluntarily dismissing his administrative complaint. Accordingly, plaintiff's related claims under New York state law must be dismissed.

## CONCLUSION

For the forgoing reasons, defendant's motion to dismiss (Doc. No. 7) is GRANTED and plaintiff's claims under the ADA, ADEA, and related state laws are dismissed. The Clerk of Court is directed to close this case.

The Clerk of Court is further directed to transmit a copy of this Order, and the accompanying judgment, to plaintiff *pro se* via U.S. Mail.

SO ORDERED.

Dated: Brooklyn, New York
      February 28, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge